UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES D. FENSTERMAKER,

      Plaintiff,

-vs-                                 Case No.  6:13-cv-1944-Orl-41GJK

LEHMANN MANUFACTURING LLC,
COOPER RAILING LLC, WALTER
LEHMANN, and DAWN PAVLIK,

      Defendants.
_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT** (Doc. No. 33) |
| **FILED:** | August 21, 2014, |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

Plaintiff and Defendants jointly move (the "Motion") the Court to approve the settlement of Plaintiff's claims (the "Agreement") pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice.  Doc. Nos. 30, 30-1.

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement of the FLSA claims, the parties' Agreement is unenforceable. *Id*. *See also Sammons v. Sonic-North Cadillac, Inc.*, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Foods* because it lacked Court approval or supervision by Secretary of Labor). Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 F. App'x at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

*Id*.[2]  In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise.  *Id.*  When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[3]  Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs.[4]  It is the Court's responsibility to ensure that any such allocation is reasonable.  *See Silva*, 307 Fed.Appx. at 351-52.  In doing so, the Court uses the lodestar method for guidance.  *See Comstock v. Florida Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604, at *2 (S.D. Fla. June 5, 2009).  As the Court interprets the *Lynn's Foods* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorneys' fees provision under the parties' settlement agreement using the lodestar method as a guide.  In such a case, any compensation for attorneys' fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

This case involves disputed issues of FLSA coverage, which constitutes a bona fide dispute.  *See* Doc. Nos. 1, 16, 18, 30.  The parties were represented by independent counsel who are obligated to vigorously represent their clients.  *Id.*  Under the Agreement, Plaintiff has agreed

---

[2] In the Eleventh Circuit, unpublished cases are not binding, but are persuasive authority. *See* Eleventh Cir. R. 36-2.

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his/her counsel.  Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

to accept a total settlement in the amount of $9,600.00 to "resolve all debts emanating from [this] action." Doc. No. 30-1 at 1. While the Agreement does not allocate the total settlement amount among Plaintiff's claims or attorneys' fees and costs, in the Motion, the parties represent that Plaintiff will receive $5,600.00 and Plaintiff's counsel will receive $4,000.00 in attorneys' fees and costs. Doc. No. 30. The only issue before the undersigned is whether the consideration being paid to Plaintiff under the settlement agreement is fair and reasonable.

Plaintiff originally calculated unpaid minimum and overtime wages of approximately $16,675.00, plus an equal amount of liquidated damages. Doc. No. 18 at 4. Thus, Plaintiff has clearly compromised his claim. In the Motion, the parties state that after exchanging pay and time records and engaging in candid discussions, Plaintiff agreed to compromise his FLSA claim based on issues involving whether: he was exempt under the FLSA; he was entitled to liquidated damages; and he worked the hours claimed. Doc. No. 30 at 3. It is **RECOMMENDED** that the Court find Plaintiff's compromise and the consideration paid for Plaintiff's FLSA claim ($5,600.00) is fair and reasonable.

Under the Agreement, and as set forth in the Motion, Plaintiff's counsel will receive $4,000.00 in attorneys' fees and costs. Doc. Nos. 30 at 3-4; 30-1 at 1; 30-2 at 1-2. In the Motion, counsel states that she expended 28 hours of work on the case at a rate of $200.00, but counsel agreed to reduce the amount of attorneys' fees paid under the Agreement. Counsel submitted a detailed time sheet showing that she expended 27.95 hours of work on the case at a rate of $200.00 per hour and 1 hour of work at a rate of $250.00, for a total of $5,840.00 in attorneys' fees. Doc. No. 30-2 at 1-2. Counsel also submitted a detailed list of costs totaling $754.70. Thus, counsel has submitted evidence showing that the total attorneys' fees and costs

in this case are $6,594.70. The undersigned has reviewed the support provided for the amount of fees and costs to be paid under the Agreement. The undersigned finds that the fees and costs to be paid are reasonable. Accordingly, it is **RECOMMENDED** that the Court find that the allocation of FLSA settlement proceeds between Plaintiff and his counsel is fair and reasonable.

**THEREON**, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 30) be **GRANTED** solely to the extent that the Court finds the consideration paid to Plaintiff is fair and reasonable; and

2. The Court enter an order dismissing the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **In order to expedite the final disposition of this case, if the parties have no objection to this Report and Recommendation they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida on September 2, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented parties